**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000722
19-APR-2024
07:59 AM
Dkt. 108 SO**

NO. CAAP-22-0000722

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


S.G., Petitioner-Appellant, v.
B.A., Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1PP181006006)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)


This appeal arises out of a custody dispute between Petitioner-Appellant S.G. (**Mother**) and Respondent-Appellee B.A. (**Father**). Mother appeals from the following post-judgment orders entered by the Family Court of the First Circuit (**Family Court**):[1] (1) the July 6, 2022 "Trial Order re: [Mother's] Motion for Relief After Judgment Filed March 22, 2021 and Supplemental Motion for Relief After Judgment Filed August 30, 2021, and [Father's] Motion for Relief After Judgment filed May 10, 2021" (**Trial Order**); and (2) the November 3, 2022 "Order Denying Non-Hearing Motion for Reconsideration and/or Further Hearing, Filed July 18, 2022" (**Order Denying Reconsideration**). The Trial Order awarded sole legal and physical custody of Mother and Father's minor daughter (**Daughter**) to Father.

On appeal, Mother contends that the Family Court erred: (1) "by awarding sole legal custody to Father when he did not request it and Mother was not on notice that she stood to lose

---

[1] The Honorable Rebecca A. Copeland presided.

her parental rights"; and (2) "by excluding [Mother's older daughter (**Sister**)] from testifying to allegations of physical abuse against Father."  Mother also challenges certain related aspects of the Family Court's March 10, 2023 "Findings of Fact and Conclusions of Law."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Mother's contentions as follows, and vacate.

(1) Mother argues that "the Family Court violated Mother's due process rights by awarding Father sole legal custody, with no notice to Mother, where no party requested that relief." (Formatting altered.)  Father responds that "[a]nyone going into a family court trial involving children is on notice that the family court may *sua sponte* award sole legal custody of a child to one parent or another" based on Hawaii Revised Statutes (**HRS**) § 571-46.1(c).[2]

Parents have a substantive liberty interest in the care and custody of their children protected by the due process clause of article 1, section 5 of the Hawaiʻi Constitution.  In re Doe, 99 Hawaiʻi 522, 533, 57 P.3d 447, 458 (2002); see also Troxel v. Granville, 530 U.S. 57, 65 (2000) ("[T]he interest of parents in the care, custody, and control of their children[ ]is perhaps the oldest of the fundamental liberty interests recognized by this Court.").  Relatedly, parental rights cannot be denied without notice and an opportunity to be heard at a meaningful time and in a meaningful manner.  See In re JH, 152 Hawaiʻi 373, 380-81, 526 P.3d 350, 357-58 (2023) (quoting In re Doe, 99 Hawaiʻi at 533, 57 P.3d at 458); see also Doe v. Doe, 120 Hawaiʻi 149, 169, 202 P.3d 610, 630 (App. 2009) ("[U]nder the Hawaiʻi Constitution, absent express findings of exigent or emergency circumstances, due process requires that a parent be given notice and an opportunity to be heard prior to a change in primary physical or legal custody in family court custody matters . . . .").  Further,

---

[2]     HRS § 571-46.1(c) (2018) states:  "Any order of joint custody may be modified or terminated upon the petition of one or both parents or on the court's own motion if it is shown that the best interests of the child require modification or termination of the order."

2

"[p]rocedural due process requires that an individual whose rights are at stake understand the nature of the proceedings he or she faces." In re Doe, 99 Hawaiʻi at 533, 57 P.3d at 458.

Here, pursuant to the Family Court's May 15, 2019 stipulated order, Mother and Father had joint legal custody of Daughter, with Mother having tie-breaking authority, and Mother had sole physical custody of Daughter, subject to Father's timesharing. On March 22, 2021, Mother filed a motion for relief after judgment or order, seeking to modify visitation and child support because she and her husband were relocating to Maryland. Mother did not seek a modification of legal or physical custody. On May 10, 2021 Father filed a motion for relief after judgment or order, seeking to modify physical custody and child support in the event Mother relocated to Maryland, such that Father "be awarded sole physical custody." Father did not seek a modification of legal custody. On August 30, 2021, Mother filed a supplemental motion for relief after judgment or order, seeking, among other things, sole legal custody of Daughter and suspension of Father's visits until he completed a previously ordered domestic violence intervention class.

At trial, Father testified that he was "asking the Court to award both [him] and [Mother] joint legal custody," but without tiebreaking authority, specifying that disagreements would be resolved by working together or through a third-party parent coordinator. Father testified to his willingness to work with Mother to make parenting decisions. For her part, Mother, in her closing argument, did not renew her request for sole legal custody, but, rather, sought "some joint sharing in terms of the joint legal custody." It thus appears that by the end of trial, no party was requesting sole legal custody, and Father had never sought sole legal custody.

Nevertheless, following closing arguments, the Family Court ruled from the bench that "Father shall have sole legal custody." The court explained:

> While [F]ather did request joint custody, the Court finds that that is the current status of legal custody. Mother has had more than a sufficient opportunity to prove that she's capable of meaningfully possessing joint custody, and

3

> she's also proven incapable of including [F]ather in
> decisions related to the child.

The court then awarded Father sole physical custody and also adopted Father's timesharing plan with certain changes, providing visitation for Mother.

Based on our review of the record, it appears that the Family Court's bench ruling was the first time Mother was notified that her legal custody of Daughter could (and would) be terminated. We do not read HRS § 571-46.1(c) as authorizing the court to end a parent's legal custody of their child without notice. In any event, due process required at a minimum that Mother be given adequate notice before a fundamental parental right, *i.e.*, legal custody of her child, was terminated. See Doe 120 Hawai'i at 169, 202 P.3d at 630. On this record, we conclude that the Family Court erred in awarding sole legal custody to Father without adequate notice to Mother that her legal custody could be terminated, and we cannot conclude that the error was harmless. See id. at 170, 202 P.3d at 631. Accordingly, the challenged orders must be vacated and the case remanded for a new trial.

(2) Mother contends that the Family Court abused its discretion by excluding Sister from testifying to allegations of physical abuse against Father. Mother argues that: (a) in Findings of Fact (**FOFs**) 21 and 22, the Family Court "prejudged and dismissed Sister's testimony without ever hearing from her"; and (b) when asked to reconsider its decision, the Family Court "misinterpreted the reconsideration motion as asking to allow Sister to testify about her preference, when Mother had asked for Sister to be allowed 'to testify about the abuse by Father at trial.'"

In custody proceedings, "the paramount consideration is the best interests of the child." Doe v. Doe, 98 Hawai'i 144, 155, 44 P.3d 1085, 1096 (2002) (ellipsis omitted) (quoting In re Doe, 52 Haw. 448, 453, 478 P.2d 844, 847 (1970)); see HRS § 571-46(a)(1) (2018). In turn, "[w]here the best interests of a child is of paramount importance, consideration of all relevant evidence becomes a critical duty of the court in making a

decision regarding custody and visitation." In re Doe, 109 Hawai'i 399, 411, 126 P.3d 1086, 1098 (2006). "A determination of family violence bears directly upon the best interests of the child, as indicated in HRS § 571-46(9), which provides that, when a determination of family violence is made by the family court, a rebuttable presumption is created that custody should not be placed with the perpetrator[.]" Doe, 98 Hawai'i at 156, 44 P.3d at 1097; see Tumaneng v. Tumaneng, 138 Hawai'i 468, 475, 382 P.3d 280, 287 (2016) ("Doe highlights the importance of considering all testimony relevant to allegations of domestic violence in custody determinations.").

We recognize that under Hawai'i Family Court Rules (**HFCR**) Rule 45.1, the family court in its discretion "may determine whether to allow the testimony of [a] child and the form and manner in which the child's testimony will be permitted."[3/] Here, however, Mother sought to allow her 15-year-old daughter, i.e., Sister, to testify to, among other things, alleged acts of physical abuse by Father.[4/] In the circumstances of this case, such testimony was relevant to the best interests of Daughter. See cases cited supra. Nevertheless, it appears that the Family Court, without actually hearing from Sister, denied Mother's motion to allow Sister to testify, primarily because: (a) "[t]he court d[id] not find that testimony presented by [Sister] will meaningfully assist this Court in its best interest analysis" (FOF 21); and (b) "given Mother's demonstrated negative narrative related to Father, which Mother has fostered and encouraged with [Sister], the child's testimony will not provide a sufficient [sic] neutral view of Father" (FOF 22). Based on our review of the record, we conclude that the Family Court abused its discretion by denying Mother's motions to

---

[3/] HFCR Rule 45.1 states: "Prior approval must be obtained from the court before any child is summoned to appear as a witness so that the court may determine whether to allow the testimony of the child and the form and manner in which the child's testimony will be permitted."

[4/] Although Mother's pre-trial and oral motions did not explicitly mention the alleged abuse by Father, Father's counsel brought up the allegations in opposing the oral motion, and the Family Court was presumably aware of the allegations based on the records in the case. Mother's motion for reconsideration explicitly stated that Sister would testify about her allegations against Father.

allow Daughter to testify in these circumstances, and by "curtaili[ing] its own opportunity to fairly judge [Sister's] credibility . . . ." AC v. AC, 134 Hawaiʻi 221, 234, 339 P.3d 719, 732 (2014).

For these reasons, we vacate the Family Court of the First Circuit's:  (1) July 6, 2022 "Trial Order re: [Mother's] Motion for Relief After Judgment Filed March 22, 2021 and Supplemental Motion for Relief After Judgment Filed August 30, 2021, and [Father's] Motion for Relief After Judgment filed May 10, 2021"; (2) November 3, 2022 "Order Denying Non-Hearing Motion for Reconsideration and/or Further Hearing, Filed July 18, 2022"; and (3) March 10, 2023 "Findings of Fact and Conclusions of Law."  We remand the case for a new trial and for further proceedings consistent with this Summary Disposition Order. Mother's request that this case be remanded to a different judge is denied.

DATED:  Honolulu, Hawaiʻi, April 19, 2024.


On the briefs:

David Eitan Arom,
Appellate Pro Bono Program
(Gibson, Dunn & Crutcher LLP)
for Petitioner-Appellant.

Justin L. Sturdivant and
Daniel E. Pollard
(Smith & Sturdivant, LLLC)
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge